John E. MacDonald, Esq. (JM7443)
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
100 Charles Ewing Boulevard, Suite 140
Ewing, NJ 08628
(609) 357-1183
*jmadconald@constangy.com*
*Attorneys for Defendant Accurate Append, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons,* JANE DOE-1, *a law enforcement officer,* JANE DOE-2, *a law enforcement officer,* EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, PETER ANDREYEV, and WILLIAM SULLIVAN,<br><br>Plaintiffs,<br><br>v.<br><br>ACCURATE APPEND, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | (Electronically Filed)<br><br><br><br><br><br><br><br>CIVIL ACTION<br><br><br><br><br><br>Civil Action No. 1:24-cv-04178<br><br><br><br>State Docket No. MID-L-000848-24 |

### NOTICE OF REMOVAL

10942768v1

## D.N.J. LOCAL CIVIL RULE 11.2 STATEMENT

Pursuant to Local Rule 11.2, the undersigned counsel, on behalf of Defendant Accurate Append, Inc. ("Accurate Append") certifies that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

## D.N.J. LOCAL RULE 10.1 STATEMENT

The plaintiffs in this action are Atlas Data Privacy Corporation, Jane Doe-1, Jane Doe-2, Edwin Maldonado, Scott Maloney, Justyna Maloney, Patrick Colligan, Peter Andreyev, and William Sullivan.

The address for Atlas Data Privacy Corporation is 201 Montgomery Street, Suite 263, Jersey City, New Jersey 07302.

The remaining addresses are unknown to Defendant Accurate Append which is filing this Notice of Removal.

Plaintiffs are represented by Rajiv D. Parikh and Kathleen Barnett Einhorn of GENOVA BURNS LLC, 494 Broad Street, Newark, NJ 07012, John A. Yanchunis and Ryan J. McGee of MORGAN & MORGAN COMPLEX LITIGATION GROUP, 201 N. Franklin St., 7th Floor, Tampa, FL 33602.

The defendant in this action is Accurate Append.

Defendant Accurate Append is represented by John E. MacDonald of CONSTANGY, BROOKS, SMITH & PROPHETE, LLP, 100 Charles Ewing Boulevard, Suite 140, Ewing, New Jersey 08628.

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Accurate Append, by and through its undersigned counsel, Constangy, Brooks, Smith & Prophete, LLP, and pursuant to 28 U.S.C. §

1441, hereby gives notice of the removal of this action from the Superior Court of New Jersey, Law Division, Middlesex County to the United States District Court for the District of New Jersey. The grounds for removal are as follows:

### I.     BACKGROUND

1. On or about February 7, 2024, plaintiffs Edwin Maldonado, Scott Maloney, Justyna Maloney, Patrick Colligan, Peter Andreyev, and Jane Does 1-2 (collectively, the "Individual Plaintiffs") and Atlas Data Privacy Corporation ("Atlas") (collectively, "the Plaintiffs") filed a complaint ("Complaint") against Accurate Append in the Superior Court of New Jersey, Law Division, Middlesex County (the "Superior Court").

2. On February 27, 2024, Accurate Append was served with copies of the (1) Summons, (2) Document Preservation Notice, (3) First Request for the Production of Documents, (4) First Set of Interrogatories, (5) Complaint, (6) Track Assignment Notice, and (7) Case Information Sheet. A true and correct copy of the documents served on Accurate Append is attached hereto as **Exhibit A**.

3. In Count I of the Complaint, Plaintiffs assert claims against Accurate Append for violations of New Jersey's Daniel's Law, N.J.S.A. 47:1A-1, et seq., and N.J.S.A. 56:8-166.1 (hereinafter "Daniel's Law"), based on a claimed failure to timely process requests to not "disclose" their addresses and/or unpublished telephone numbers. *See* Compl., Ex. A, ¶¶ 57–63.

4. In the WHEREFORE clause following Count I, Plaintiffs allege that they are each entitled to recover from Accurate Append actual damages equal to no less than liquidated damages of $1,000 per violation; punitive damages; attorneys' fees, interest (pre and post judgment), and litigation costs; and injunctive relief. *See id.*, at Ex. A ¶ 63.

10942768v1

5.  Plaintiffs also each allege that they are entitled to "injunctive relief" with respect to the "protected information" of each "Individual Plaintiff" and each unnamed "Covered Person." *See id.*

6.  Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed with this Court within thirty (30) days of Accurate Append's receipt "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Accordingly, this Notice of Removal is timely filed.

7.  As demonstrated below, the case is properly removable pursuant to 28 U.S.C. §§ 1332 and 1441(a) because complete diversity of citizenship exists between Plaintiffs and Accurate Append and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## II.   DIVERSITY JURISDICTION

8.  Under 28 U.S.C. § 1332, a district court shall have original jurisdiction over a civil action when the matter in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, and is between citizens of different States. Therefore, this action could have originally been filed in this Court and is now properly removed to this Court. *See* 28 U.S.C. § 1441.

9.  The filing of the Notice of Removal in this Court is appropriate because the District of New Jersey is the District where the state court action is pending. *See* 28 U.S.C. §§ 1446(a) and 1441(a).

10. Removal is proper under 28 U.S.C. §§ 1332 and 1441(a) because complete diversity of citizenship exists between Plaintiffs and Accurate Append and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A.     Diversity of Citizenship

11.     For purposes of determining diversity, a corporation is deemed to be a citizen of (1) any state where it is incorporated and (2) the state in which it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1).

12.     Plaintiff Atlas is a Delaware corporation, with its principal place of business at 201 Montgomery Street, Suite 263, Jersey City, New Jersey 07302. *See* Compl., Ex. A ¶ 19. Atlas is therefore a citizen of the States of New Jersey and Delaware for federal diversity purposes under 28 U.S.C. § 1332(a)(1).

13.     For purposes of determining diversity, a natural person is deemed to be a citizen of the state of domicile, which is generally defined as "the place where that individual has a true, fixed home and principal establishment, and to which, whenever that person is absent from the jurisdiction, he or she has the intention of returning." 13E Fed. Prac. & Proc. Juris. § 3612 (3d ed.). Factors to be considered in determining the state of domicile include a presumption that "that a person's current residence is also his domicile," "voter registration and voting practices," "place of employment or business," and "as well as several other aspects of human life and activity." *Id.*

14.     All of the individual Plaintiffs are citizens of New Jersey. Plaintiff Jane Doe-1 alleges in the Complaint that she is a "police officer working in Northern New Jersey." *See* Compl., Ex. A ¶ 15. As an active law enforcement officer, Plaintiff Jane Doe-1's principal residence must be in the State of New Jersey under the New Jersey First Act, N.J.S.A. 52:14-7 (L. 2011, Chapter 70). For the purposes of the New Jersey First Act, "a person may have at most one principal residence, and the state of a person's principal residence means the state (1) where the person spends the majority of the person's nonworking time, and (2) which is most clearly the center of the person's domestic life, and (3) which is designated as the person's legal address and legal residence for voting." *Id.* Accordingly, Jane Doe-1's compliance with the New Jersey First

-5-

Act and facts plead show she is a citizen of New Jersey for federal diversity purposes under 28 U.S.C. § 1332(a)(1).

15. Plaintiff Jane Doe-2 alleges that she is "a veteran correctional police officer who lives in Northern New Jersey." *See* Compl., Ex. A ¶ 16. Accordingly, Jane Doe-2's compliance with the New Jersey First Act and facts plead show she is a citizen of New Jersey for federal diversity purposes under 28 U.S.C. § 1332(a)(1).

16. Plaintiff Edwin Maldonado ("Maldonado") alleges he was a patrol officer for the City of Plainfield, and later a detective with Plainfield's major crimes unit. *See* Compl., Ex. A ¶ 17. Plaintiff Maldonado's LinkedIn page states that he currently works as a police detective for the Union County Prosecutor's Office. A true and correct copy of a screenshot of Plaintiff Maldonado's publicly available LinkedIn page, captured on March 11, 2024, is attached herewith to the Declaration of John E. MacDonald ("MacDonald Declaration") as **Exhibit 1**. Accordingly, Maldonado's compliance with the New Jersey First Act and facts described above show he is a citizen of New Jersey for federal diversity purposes under 28 U.S.C. § 1332(a)(1).

17. Plaintiffs Scott Maloney and Justyna Maloney ("the Maloneys") allege they are "both veteran police officers currently serving with the Rahway, New Jersey Police Department" who "live together in New Jersey." *See* Compl., Ex. A ¶ 18. Accordingly, the Maloneys' compliance with the New Jersey Act and facts plead show they are citizens of New Jersey for federal diversity purposes under 28 U.S.C. § 1332(a)(1).

18. Plaintiff Patrick Colligan ("Colligan") alleges that he is a thirty-two-year veteran of the Franklin Township, Somerset County, New Jersey police department. *See* Compl., Ex. A ¶ 22. Plaintiff Colligan is listed, as of March 10, 2024, as a Police Detective on the website for the Franklin Township Police Department. A true and correct copy of a screenshot of the Franklin

-6-

10942768v1

Township Police Department's publicly available webpage, listing Defendant Colligan's employment status as of March 10, 2024, is attached herewith to the MacDonald Declaration as **Exhibit 2**. Accordingly, Colligan's compliance with the New Jersey First Act and facts plead and described above show he is a citizen of New Jersey for federal diversity purposes under 28 U.S.C. § 1332(a)(1).

19.     Plaintiff Peter Andreyev ("Andreyev") alleges that he is a thirty-two-year veteran of the Point Pleasant, New Jersey police department. *See* Compl., Ex. A ¶ 23. Plaintiff Andreyev's LinkedIn page states that he currently works as a police officer for the Point Pleasant Beach Police Department. A true and correct copy of a screenshot of Plaintiff Andreyev's publicly available LinkedIn page, captured on March 11, 2024, is attached herewith to the MacDonald Declaration as **Exhibit 3**. Accordingly, Andreyev's compliance with the New Jersey First Act and facts plead and described above show he is a citizen of New Jersey for federal diversity purposes under 28 U.S.C. § 1332(a)(1).

20.     Plaintiff William Sullivan ("Sullivan") alleges that he is an eighteen-year veteran of the New Jersey Department of Corrections. Plaintiff Sullivan is listed, as of March 10, 2024, as a current Department of Corrections Employee in the online Employee Phone Directory for the State of New Jersey. A true and correct copy of a screenshot of the State of New Jersey's publicly available Employee Phone Directory webpage, listing Defendant Sullivan as a current employee, is attached herewith to the MacDonald Declaration as **Exhibit 4**. Accordingly, Sullivan's compliance with the New Jersey First Act and facts plead and described above show he is a citizen of New Jersey for federal diversity purposes under 28 U.S.C. § 1332(a)(1).

21.     Defendant Accurate Append is a Washington corporation with its principal place of business located at 1100 Bellevue Way NE, Ste. 8A, Bellevue, WA, 98004. Therefore, Accurate Append is a citizen of Washington for purposes of 28 U.S.C. § 1332(a)(1).

22.     Defendants Richard Roes 1–10 are identified in the Complaint as "fictitious names of currently unknown individuals/entities." *See* Compl., Ex. A ¶ 38. As such, their citizenship may be disregarded for the purposes of removal under binding Third Circuit precedent. 28 U.S.C. § 1441(a); *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 37 (3d Cir. 1985) ("In determining whether diversity jurisdiction exists, the citizenship of purely 'nominal' parties may be disregarded.")

23.     Defendants ABC Companies 1–10 are identified in the Complaint as "fictitious names of unknown entities." *See* Compl., Ex. A ¶ 38. As such, their citizenship may be disregarded for the purposes of removal. *See Abels*, 770 F.2d at 37.

24.     Accordingly, Accurate Append is the only defendant in this case for purposes of removal. Accurate Append's state of incorporation and principal place of business are both located in the State of Washington. None of the Plaintiffs in this case are incorporated in, are citizens of, or maintain a principal place of business in the State of Washington. Accordingly, because Accurate Append's citizenship is completely diverse from Plaintiffs' citizenship, complete diversity of citizenship exists between the parties in this Action.

**B.     Amount in Controversy**

25.     Where, as here, a plaintiff does not specify an amount in controversy, a defendant can satisfy its burden to establish the amount in controversy by demonstrating that the allegations in the Complaint indicate that it is more likely than not that the amount exceeds $75,000. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (where plaintiff makes no specific monetary demand, defendant need only "plausibl[y] alleg[e]" amount in controversy);

*accord Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395 (3d Cir. 2016); *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) (stating that amount in controversy is measured by "a reasonable reading of the value of the rights being litigated").

26. In paragraph 26 of the Complaint, Plaintiff Atlas alleges that it asserts claims against Accurate Append on behalf of 18,466 individuals who are "covered persons" ("Covered Persons") under Daniel's Law and assigned their claims to Atlas for alleged violations of Daniel's Law. *See* Ex. A ¶ 26.

27. In addition to Atlas, eight Individual Plaintiffs assert claims against Accurate Append for alleged violations of Daniel's Law, bringing the total number of claims against defendants to 18,474. *See* Ex. A ¶ 56.

28. In paragraph 63 of the Complaint, Plaintiffs request "actual damages, not less than liquidated damages under Daniel's Law, at '$1,000 for each violation.'" *See* Ex. A. ¶ 63(B); N.J.S.A. 56:8-166.1(c)(1). Even assuming each Covered Person asserts just one violation, the amount in controversy for actual damages alone would exceed $18,474,000.

29. While Plaintiffs' Complaint does not expressly seek a specific monetary judgment amount against Accurate Append, it is apparent from the face of the Complaint that the amount in controversy is well in excess of $75,000, exclusive of interest and costs. The amount in controversy meets jurisdictional requirements as evidenced by the express language in paragraphs 26, 56, and 63 of the Complaint wherein Plaintiffs assert that all Covered Persons and Individual Plaintiffs (18,474 individuals) have suffered individual violations under Daniel's Law and such violations are subject to actual damage awards of "$1,000 for each violation." *See* Ex. A. ¶ 63(B); N.J.S.A. 56:8-166.1(c)(1). Plaintiffs' prayer for relief requests not only at least $18,474,000 in

actual damages, but also requests punitive damages; attorneys' fees, interest (pre and post judgment), litigation costs, and injunctive relief.

### III. All Other Grounds for Removal Are Satisfied.

30. Plaintiffs' Complaint is properly removable to this Court pursuant to 28 U.S.C. § 1441.

31. This case is a civil action within the meaning of 28 U.S.C. § 1441.

32. This action is being removed "to the district court of the United States for the district and division embracing the place where such action is pending," pursuant to 28 U.S.C. § 1441(a). The District of New Jersey embraces the Superior Court of New Jersey, Law Division, Middlesex County, the forum in which the action is currently pending.

33. In accordance with 28 U.S.C. § 1446(d), upon filing of this Notice of Removal, Accurate Append will give written notice of this Notice of Removal to Plaintiffs. Accurate Append also will file a true copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey, Chancery Division, Middlesex County.

### IV. PRESERVATION OF RIGHTS AND DEFENSES

34. By removing this action from the Superior Court of New Jersey, Law Division, Middlesex County, Accurate Append does not waive any defenses available to it.

35. By removing this action from the Superior Court of New Jersey, Law Division, Middlesex County, Accurate Append does not admit any allegation in the Complaint.

36. Accurate Append reserves the right to amend or supplement this Notice of Removal.

10942768v1

WHEREFORE, Defendant Accurate Append respectfully removes this action to the United States District Court for the District of New Jersey.

Dated: March 25, 2024

        Respectfully submitted,

        *s/ John E. MacDonald*

        John E. MacDonald, Esq. (JM7443)
        **CONSTANGY, BROOKS,**
        **SMITH & PROPHETE, LLP**
        100 Charles Ewing Boulevard, Suite 140
        Ewing, NJ 08628
        (609) 357-1183
        jmacdonald@constangy.com

        *Attorneys for Defendant Accurate Append, Inc.*

10942768v1

-12-

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2024, the foregoing was filed electronically. Notice of this filing will be sent to the below listed attorneys of record by operation of the Court's electronic filing system. The parties may access this filing through the Court's system. A copy was also served via U.S. mail:

**GENOVA BURNS LLC**
Rajiv D. Parikh (032462005)
Kathleen Barnett Einhorn (040161992)
494 Broad Street
Newark, New Jersey 07102
Tel.: (973) 533-0777
rparikh@genovaburns.com
keinhorn@genovaburns.com

**MORGAN & MORGAN**
John A. Yanchunis (*pro hac vice* to be filed)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com

**BOIES SCHILLER FLEXNER LLP**
Mark Mao (*pro hac vice* to be filed)
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com

*Attorneys for Plaintiffs Atlas Data Privacy Corporation, Jane Doe-1, a law enforcement officer, Jane Doe-2, a law enforcement officer, Edwin Maldonado, Scott Maloney, Justyna Maloney, Patrick Colligan, Peter Andreyev, and William Sullivan*

/s/ *John E. MacDonald*
John E. MacDonald

10942768v1