**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons,* JANE DOE-1, *a law enforcement officer,* JANE DOE-2, *a law enforcement officer,* EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, PETER ANDREYEV, and WILLIAM SULLIVAN,<br><br>Plaintiffs,<br><br>v.<br><br>ACCURATE APPEND, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | CIV. ACTION NO. 1:24-cv-04178 (HB)<br><br>**ANSWER** |

Defendant Accurate Append, Inc. (hereinafter "Defendant"), by and through its undersigned attorneys, and by way of Answer to Plaintiffs' Complaint, states as follows:

**<u>INTRODUCTION</u>**

1. This paragraph does not contain factual allegations requiring an admission or denial. To the extent a response is required, apart from admitting the existence of Daniel's Law, Plaintiffs are left to their proofs.

2. Defendant cannot admit or deny what the Complaint "seeks," and the remainder of the paragraph contains generalized hyperbole to which no answer is required.

3. Any and all alleged misconduct by the Defendant is denied.

4. The allegations of this Paragraph contain legal conclusions to which no answer

13548726v1
13548726v1

need be given.

## BACKGROUND

### Passage of Daniel's Law in New Jersey

5. This Paragraph contains no allegations directed at Defendant.

6. This Paragraph contains no allegations directed at Defendant.

7. This Paragraph contains no allegations directed at Defendant.

### New Jersey Passes Daniel's Law in 2020

8. The existence of Daniel's Law in New Jersey is admitted. The remainder of the Paragraph contains legal conclusions to which no answer need be given.

9. The provisions of Daniel's Law speak for themselves.

### Congress Passes Daniel Anderl Judicial Security and Privacy Act in 2022

10. This Paragraph contains legal conclusions to which no answer need be given.

11. This Paragraph contains legal conclusions to which no answer need be given.

12. This Paragraph contains legal conclusions to which no answer need be given.

### Violence Against Police Officers and Judges Has Not Stopped

13. This paragraph does not contain factual allegations directed at Defendant requiring an admission or denial.

14. This paragraph does not contain factual allegations directed at Defendant requiring an admission or denial.

## THE PARTIES

### The Individual Plaintiffs

15. Since the JANE DOE-1 Plaintiff is not identified, Defendant lacks the ability to admit or deny the allegations of this Paragraph.

16. Since the JANE DOE-2 Plaintiff is not identified, Defendant lacks the ability to admit or deny the allegations of this Paragraph.

17. Defendant lacks sufficient information to either admit or deny the allegations of this Paragraph.

18. Defendant lacks sufficient information to either admit or deny the allegations of this Paragraph.

19. Defendant lacks sufficient information to either admit or deny the allegations of this Paragraph.

20. Defendant lacks sufficient information to either admit or deny the allegations of this Paragraph.

21. Defendant lacks sufficient information to either admit or deny the allegations of this Paragraph.

22. Defendant lacks sufficient information to either admit or deny the allegations of this Paragraph.

23. Defendant lacks sufficient information to either admit or deny the allegations of this Paragraph.

24. Defendant lacks sufficient information to either admit or deny the allegations of this Paragraph.

**Plaintiff Atlas and its Assignors**

25. Admitted that Atlas is a Delaware Corporation, otherwise denied.

26. The allegations contained in this Paragraph constitute legal conclusions to which no answer need be given.

27. Defendant lacks sufficient information to either admit or deny the allegations of

this Paragraph.

28. Admitted that Atlas transmitted this request to Defendant.

29. Denied.

30. Defendant lacks sufficient information to either admit or deny the allegations of this Paragraph.

31. Defendant lacks sufficient information to either admit or deny the allegations of this Paragraph.

32. Defendant lacks sufficient information to either admit or deny the allegations of this Paragraph.

33. Defendant lacks sufficient information to either admit or deny the allegations of this Paragraph.

34. Defendant lacks sufficient information to either admit or deny the allegations of this Paragraph.

35. Defendant lacks sufficient information to either admit or deny the allegations of this Paragraph.

36. The allegations of this Paragraph do not require a response from the Defendant, as it does not contain actual allegations.

**Defendant**

37. Admitted that Defendant provides information through its internet service, otherwise denied.

38. The allegations of this Paragraph do not require a response from the Defendant, as it does not contain actual allegations.

39. Admitted that the Defendant used the domain name accurateappend.com, otherwise

denied.

    40.    Denied that Defendant has taken any action in violation of law.

    41.    The provisions of Daniel's Law speak for themselves.

## JURISDICTION AND VENUE

    42.    The allegations contained in this Paragraph constitute legal conclusions to which no answer need be given.

    43.    The allegations contained in this Paragraph constitute legal conclusions to which no answer need be given.

## FACTS COMMON TO ALL COUNTS

    44.    The provisions of Daniel's Law speak for themselves.

    45.    The provisions of Daniel's Law speak for themselves.

    46.    The provisions of Daniel's Law speak for themselves.

    47.    The provisions of Daniel's Law speak for themselves.

    48.    The provisions of Daniel's Law speak for themselves.

    49.    The provisions of Daniel's Law speak for themselves.

    50.    The provisions of Daniel's Law speak for themselves.

    51.    Defendant lacks sufficient information to either admit or deny the allegations of this Paragraph.

    52.    Defendant lacks sufficient information to either admit or deny the allegations of this Paragraph.

    53.    Denied.

    54.    Denied.

    55.    Defendant lacks sufficient information to either admit or deny the allegations of

this Paragraph.

56. The allegations contained in this Paragraph constitute legal conclusions to which no answer need be given.

## COUNT ONE

### (Daniel's Law)

57. Defendant repeats, realleges and incorporates by reference each and every allegation contained in the previous paragraphs as if fully set forth herein

58. Admitted that Atlas sent a communication to Defendant, otherwise denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

**WHEREFORE**, Defendant Accurate Append, Inc. demands judgment against Plaintiffs dismissing the Complaint in its entirety, together with interest, costs of suit, attorney's fees, and any additional relief permitted by law.

## SEPARATE AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs' allegations fail to set for a cause of action upon which relief can be granted.

### Second Affirmative Defense

Plaintiffs' claims are barred for lack of standing.

### Third Affirmative Defense

6

Plaintiffs' claims are barred since the underlying statute's absence of a verification mechanism is a violation of Defendant's commercial free speech and due process rights.

**Fourth Affirmative Defense**

Plaintiffs' allegations are barred by the common law doctrines of waiver and estoppel, due to the purposefully burdensome manner in which the deletion requests were transmitted *en masse* to Defendant, despite Plaintiffs having presumably acquired the alleged deletion requests over a period of time.

**Fifth Affirmative Defense**

To the extent Daniel's Law restricts or prohibits Defendant's truthful speech or dissemination of lawfully obtained information, the statute violates the First Amendment to the United States Constitution and is unconstitutional as applied to Defendant.

**Sixth Affirmative Defense**

Daniel's Law is unconstitutionally vague as applied to Defendant.

**Seventh Affirmative Defense**

To the extent any alleged violations occurred outside the applicable statute of limitations period, those claims are time-barred. While Plaintiffs allege ongoing violations, any discrete violations occurring before the limitations period began cannot form the basis for liability.

**Eighth Affirmative Defense**

To the extent Plaintiffs seek equitable relief, such relief is barred by the doctrine of unclean hands. This affirmative defense is specifically preserved for development through discovery concerning Plaintiffs' conduct in relation to the claims asserted.

**Ninth Affirmative Defense**

Plaintiffs' allegations are barred by the common law doctrines of waiver and estoppel, since

7

13548726v1
13548726v1

they failed to respond to the reasonable inquiries of Defendant relating to the alleged assignments.

## Tenth Affirmative Defense

Daniel's Law's statutory damages scheme violates the Due Process Clause of the Fourteenth Amendment.

## Eleventh Affirmative Defense

Daniel's Law's statutory damages scheme is Unconstitutional due to its failure to identify a *mens rea* for violation.

## Twelfth Affirmative Defense

Defendant reserves the right to assert further Separate Affirmative Defenses following the Third Circuit and New Jersey Supreme Court determinations regarding the Constitutionality and/or application of Daniel's Law.

Dated:  October 3, 2025

                                                                                                CONSTANGY, BROOKS, SMITH & PROPHETE LLP

                                                                                                By:   */s/ John E. MacDonald*
                                                                                                John E. MacDonald (NJ Bar No. 011511995)
                                                                                                100 Charles Ewing Boulevard, Suite 140
                                                                                                Ewing, NJ 08628
                                                                                                jmacdonald@constangy.com
                                                                                                (609) 357-1183 (tel)
                                                                                                (609) 844-1102 (fax)
                                                                                                *Attorneys for Defendant*
                                                                                                *Accurate Append, Inc.*

13548726v1
13548726v1