**CONSTANGY**
**Brooks Smith & Prophete**

John MacDonald, Partner & Office Head
Cybersecurity & Data Privacy Team
3120 Princeton Pike, Suite 301
Lawrenceville, NJ 08648
jmacdonald@constangy.com
Telephone: (609) 357-1183
Mobile: (609) 558-4201

November 13, 2026

**VIA ECF**
Honorable Harvey Bartle III, U.S.D.J.
United States District Court for the
Eastern District of Pennsylvania
16614 U.S. Courthouse
601 Market Street
Philadelphia, Pennsylvania 19106

**Re:** ***In re Daniel's Law Compliance Litigation Response to Plaintiffs' November 10, 2026, Letter to the Court***
**Docket No. 24-4178 (Accurate Append, Inc.)**

Dear Judge Bartle:

On behalf of Defendant Accurate Append, Inc. ("Accurate Append"), we write in response to Plaintiffs' November 10, 2026, letter (Dkt. No. 111), which attempts to circumvent the process the Court Ordered with regard to the progression of discovery and makes several misrepresentations about Accurate Append's discovery responses without mention of Plaintiffs' "gamesmanship" from their own responses. Because Plaintiffs elected to file an omnibus style letter (rather than meet and confer as ordered by the Court (Dkt. No. 107)), for brevity, Accurate Append responds here only to the two portions of Plaintiffs' letter specifically addressing Accurate Append:

- ***Numerosity Objection*** (page 4): Plaintiffs identified certain other Defendants' counting methods and are "most troubl[ed]" by the timing of the assertion of the objection. However, Accurate Append appears to have given Plaintiffs the most latitude in counting and notes that Plaintiffs were "unable to resolve" the same objections raised by other Defendants who reached out prior to serving responses. (Dkt. No. 111 at 4, n.5). Accurate Append did not read the Court's Order as requiring a meet-and-confer *before* serving responses. See Dkt. No. 107 at 9-10, items 4-6) (ordering parties first to serve objections and responses by November 3 (item 4), and state objections with specificity (item 5) and then, "***thereafter*** [ ] meet and confer with respect to any objections or inadequate responses…) (emphasis added).

- ***False Claims Regarding Accurate Appends November 5 Production***: (pages 5,6): Plaintiffs claim that "Accurate Append refers Plaintiffs" to documents yet produced none. This is false - and Plaintiffs know this. Accurate Append not only informed Plaintiffs that their production was ready but delayed on November 3 due to

technical difficulties with its Relativity program but then provided thousands of pages of documents and the corresponding Bates label designations demonstrating which documents responded specifically to which requests on November 5, 2026. **See Attached Exhibits A and B**. Accurate Append even provided additional access to a third party that same day, ***at Plaintiffs Counsel's specific request***. Plaintiffs' misrepresentation about Accurate Append's production is made worse by the fact that Plaintiffs did not extend the same courtesy or compliance with the Federal Rules mentioned next to highlight the duplicity.

**Plaintiffs' Discovery Deficiencies Tied To their Letter Request**

Accurate Append does not suggest or request any particular order at this time with respect to Plaintiffs' deficiencies and is in the process of delivering its Rule 37 letter that tracks the Court's Order, the Federal Rules, and Local Rule 37.1's meet and confer requirements and included a great deal more than the two items noted below. Rather, Accurate Append provides the following context that Plaintiff omitted, while trying to skirt the Court's Order and which bear directly on the Complaints in their letter.

- Plaintiffs produced approximately 349,000 pages of documents and made references throughout their responses to the documents generally, but "without identifying the documents bates number" or with "sufficient detail to enable [Accurate Append] to be able "to locate and identify them as readily as the responding party could." *See* (Plaintiffs' Nov. 10 letter at 5, quoting FRCP 33).

- Plaintiffs written responses suffer the same defect and provide reference only the same 349,000-page document dump without reference to where any specific item or document can be located within the production. (**Exhibits C, D**).

- Across the coordinated interrogatories, coordinated requests for production of documents, and the additional interrogatories and requests for production from Defendant Accurate Append, Plaintiffs made various objections, did not provide answers, and stated they would "meet and confer" or to "produce" documents after a meet a confer – which is the opposite approach from the letter they filed on November 10. More than half of the 55 authorized requests received this treatment. (***See* Exhibit C & D**).

In sum, Plaintiffs' request for an order enforcing the Court's September 9, 2026, Discovery Order, that requests overruling various and differently situated Defendants' objections without following the orderly process the Court and Local Rules require is improper. Accurate Append requests the Court deny Plaintiffs' current letter request, pending resolution of the process the Court laid out for all parties in the September 9th Order.

Respectfully submitted,

*/s/ John E. MacDonald*

John E. MacDonald
Partner & Office Head, Cybersecurity & Data Privacy Team